IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SERROD BURNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:22-CV-00223 |
| DUSTY RHOADES, *et al.*, | ) ) ) | JUDGE CAMPBELL[1] MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for reconsideration filed by Plaintiff Serrod Burnett, a pre-trial detainee currently in the custody of the Williamson County Sheriff's Office in Franklin, Tennessee. (Doc. No. 12).

By Order and Memorandum Opinion entered on July 12, 2022, the Court granted Plaintiff's application to proceed in forma pauperis, reviewed his amended complaint pursuant to the Prison Litigation Reform Act, and found that Plaintiff stated a colorable Fourteenth Amendment claim under 42 U.S.C. § 1983 against Nurse Tonja l/n/u in her individual capacity as well as a colorable First Amendment claim under Section 1983 against Nurse Tonja l/n/u in her individual capacity. (Doc. Nos. 10 and 11). The Court also found that Plaintiff's individual capacity claims against Williamson County Sheriff Dusty Rhoades, Williamson County Deputy Sheriff T. Macraine, and Administrative Nurse Kristin l/n/u failed to state claims under Section 1983 upon which relief can be granted. (*Id.*) Likewise, the Court found that Plaintiff's official capacity claims against all

---

[1] By Order entered on August 11, 2022, the Honorable Aleta A. Trauger transferred this case for all purposes to the undersigned. (Doc. No. 15).

1

named Defendants failed to state Section 1983 claims upon which relief be granted. The Court therefore dismissed those claims and defendants. (*Id*.)

While the Federal Rules do not explicitly permit motions to reconsider, Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the court's prior order) under certain circumstances. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id*. (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp*., 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." *Id*. at 959 n.7. The Court will construe Plaintiff's Motion (Doc. No. 12) as a motion under Rule 54(b) to revise the Court's July 12, 2022 Order and accompanying Memorandum Opinion.

Here, Plaintiff does not allege that there has been a change of controlling law or that the Court made an erroneous ruling. Instead, Plaintiff presents "new evidence" (*see* Doc. No. 13) which he alleges supports Section 1983 claims against the Williamson County Sheriff's Office and Williamson County Sheriff Dusty Rhoades. (Doc. No. 12 at 3-4). Specifically, Plaintiff submits prints-outs of March 10, 2022 electronic messages between him and various Williamson County Sheriff's Office employees. (Doc. No. 13). Plaintiff alleges that these messages show that the Williamson County Sheriff's Office "accepted if not all but some accountability" for the incident described in Plaintiff's March 10, 2022 grievance. (Doc. No. 12 at 3). Further, Plaintiff alleges

2

Case 3:22-cv-00223   Document 17   Filed 08/18/22   Page 2 of 6 PageID #: 89

that Sheriff Rhoades was aware of prior issues with "Med Pass Nurse Tonja" therefore he should be accountable for her "continu[ed] negligents [sic] and incompetence." (*Id*. at 4).

First, the Williamson County Sheriff's Office is not an entity capable of being sued under Section 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Thus, the Court cannot permit Plaintiff to pursue nonviable claims against the Williamson County Sheriff's Office.

The Court moves next to Plaintiff's contention that new evidence supports the resurrection of his claims against Sheriff Rhoades. Previously, the Court dismissed Plaintiff's Section 1983 claim against Sheriff Rhoades in his individual capacity because Plaintiff did not allege that Sheriff Rhoades was personally involved in any of the events alleged in the amended complaint other than failing to respond to Plaintiff's letter about the March 9, 2021 incident. (Doc. No. 10 at 5-6). In his motion to reconsider, Plaintiff again points out that Sheriff Rhoades was "non-responsive" when notified by Plaintiff about Nurse Tonja's actions. (Doc. No. 12 at 3). Even assuming Plaintiff notified Sheriff Rhoades of the alleged unconstitutional conduct of Nurse Tonja, such notice is insufficient to demonstrate a direct causal link between the alleged acts of the subordinate and Sheriff Rhoades so as to create liability under Section 1983. *See Shehee v. Luttrell*, 199 F.3d 295,

3

300 (6th Cir. 1999) (supervisor and administrators not liable merely because they failed to intervene or act upon prisoner's complaint); *Yoder v. Seals*, 2009 WL 737099 (E.D. Tenn. Mar. 19, 2009) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983") (internal quotations and citations omitted)).

Plaintiff also alleges that Sheriff Rhoades "is responsible for providing reasonable and necessary security and safety standards, control, supervision, and oversight of those inmates with medical or health problems while in the Sheriff['s] custody" pursuant to a "WCSO Medical Policy" and "Tenn. Rules and Regulations 1400-01-.13)." (Doc. No. 12 at 3-4). However, an inmate's allegation that jail officials failed to follow a jail administrative policy does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). *See Cotton v. CoreCivic,* No. 3:22-cv-00147, 2022 WL 2706110, at *4 (M.D. Tenn. July 12, 2022) (citing *Laney* favorably); *Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding that the violation of a prison regulation is not actionable under Section 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Neither does Section 1983 provide a remedy for violations of state laws or regulations. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.").

To the extent Plaintiff desires to hold Sheriff Rhoades responsible because he oversees the well-being of the inmates in his custody (Doc. No. 12 at 3-4), Plaintiff appears to rely on the

4

doctrine of *respondeat superior* to impose liability on the Sheriff. But "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The right to direct or control employees is, by itself, insufficient to impose liability upon a defendant for the unconstitutional acts of subordinates. *Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 727 (6th Cir. 1996). A supervisor cannot be held liable under Section 1983 for the constitutional violations of subordinates he supervises unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 719 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). Therefore, to state a claim against a defendant for supervisory liability, a plaintiff must allege a direct causal link between the acts of the subordinate and the supervisory defendant. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).

In his motion to reconsider, Plaintiff does not allege a direct causal link between the alleged acts of the subordinate and Sheriff Rhoades himself. Nor does Plaintiff allege that Sheriff Rhoades committed any unconstitutional act himself. *Iqbal*, 556 U.S. at 676. Instead, Plaintiff simply alleges that Sheriff Rhoades should be held accountable because he is in charge. However, even if Sheriff Rhoades is in charge of the inmates housed at his county jail, Plaintiff does not explain what deliberate choice Sheriff Rhoades made which resulted in Plaintiff's breathing problems in March of 2022. *See Cretacci v. Hare*, No. 4:19-CV-55-SKL, 2021 WL 202997, at *11 (E.D. Tenn. Jan. 20, 2021) (even assuming that the sheriff had final policymaking authority, "Plaintiff does not explain what deliberate choice the Sheriff made which resulted in Plaintiff's harm.").

<pre>                                      5</pre>
<pre>Case 3:22-cv-00223   Document 17   Filed 08/18/22   Page 5 of 6 PageID #: 92</pre>

In summary, the Court finds that Plaintiff has failed to demonstrate grounds for relief under Rule 54(b) from the Court's July 12, 2022 Order and Memorandum Opinion dismissing Sheriff Rhoades as a defendant in his individual capacity.

Finally, in its decision challenged by Plaintiff, the Court also dismissed Plaintiff's official capacity claim under Section 1983 against Sheriff Rhoades, which the Court noted was a claim against Williamson County, Tennessee, because Plaintiff did not make any allegations from which the Court could reasonably infer a policy or custom attributable to Williamson County that caused Plaintiff's harm. (Doc. No. 10 at 6-7). In his motion to reconsider, Plaintiff does not allege that there is new evidence supporting the inference of such a policy or custom. Thus, Plaintiff has failed to demonstrate grounds for relief under Rule 54(b) from the Court's July 12, 2022 Order and Memorandum Opinion dismissing Sheriff Rhoades as a Defendant in his official capacity.

Accordingly, the Court finds that the Plaintiff has not demonstrated "a need to correct a clear error or prevent manifest injustice" warranting the revision of the Court's prior Memorandum Opinion and Order. *Rodriguez*, 89 F. App'x 949, 959. Therefore, Plaintiff's Motion (Doc. No. 12), which the Court construes as a Rule 54 motion, is **DENIED**.

This action remains on referral to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE